PAUL H. HARRISON

*v.*

CARROLL W. CASTO

(No. 14730)

Decided November 18, 1980.

*Charles Hoadley Damron, Joseph P. Moschetta,* for appellant.

*Jenkins, Fenstermaker, Krieger, Kayes & Farrell, James D. Lamp and Norman K. Fenstermaker,* for appellee.

CAPLAN, JUSTICE:

This is an appeal by Paul H. Harrison from an order of the Circuit Court of Mason County wherein that court granted the motion of Carroll W. Casto to dismiss Harrison's malpractice action against him.

Paul H. Harrison, plaintiff, filed a malpractice action against Carroll W. Casto, defendant, in the Circuit Court of Mason County. The plaintiff, a passenger on Piedmont Airlines (Piedmond Aviation, Inc.) allegedly suffered an injury while the plane was at the greater Cincinnati airport. He retained Don Kingery, a Mason County attorney, to prosecute his personal injury action against

Piedmont. For reasons not germane to the instant action, no proper suit was instituted.

Upon learning that the action had not been filed within the applicable statutory period, the plaintiff hired the defendant to bring an action against Mr. Kingery for malpractice. The defendant did not file an action against Mr. Kingery but sought, unsuccessfully, to sue Piedmont. The plaintiff, believing that the defendant had permitted his claim against Kingery to be barred by the statute of limitations, employed a third attorney to prosecute the instant malpractice action. In the plaintiff's complaint the facts set forth are essentially as stated above, wherein it was charged "that the defendant, Carroll W. Casto, negligently failed to commence an action upon plaintiff's cause of action against Don C. Kingery within the applicable two-year statute of limitations and that, therefore, plaintiff's claim against Don C. Kingery was time-barred." A second count of the complaint charged "a breach of the contract of professional employment entered into between the plaintiff and the defendant."

The defendant answered the complaint, setting up eight defenses, the third of which is dispositive of this case. In that defense the defendant charged "that the plaintiff, Paul H. Harrison, has no cause of action ... against the said defendant since the cause of. action against Don C. Kingery ... still can be brought ... in contract." Therein, he further alleged that Mr. Kingery had breached the contract into which he had entered with the plaintiff and that the applicable statute of limitations for an action on such breach was, under *W.Va. Code*, 1931, 55-2-6, ten years if the contract was in writing or five years if it were any other contract, express or implied. His position was that the ation against Kingery was still available to the plaintiff for Kingery's failure to prosecute his suit against Piedmont, which failure constituted a breach of contract.

The defendant, Carroll W. Casto, moved the court for a dismissal of the complaint which motion, after due deliberation, was granted. We affirm.

The trial court premised its ruling upon our recent case of *Family Savings & Loan, Inc. v. Ciccarello,* 157 W.Va. 983, 207 S.E. 2d 157 (1974). Family Savings instituted an action against the defendant to recover damages allegedly suffered by reason of defendant's negligence in certifying as good and marketable the titles to certain real property. We held that by reason of the language in the complaint, clearly relying on the negligence of the defendant, the action was brought in tort. This Court in analyzing the facts before determining what type of action was brought recognized that a malpractice action "could have been brought in contract" if the plaintiff had charged the defendant with breaching the obligations of his employment. The court concluded that the complaint sounded in tort and that the statute of limitations governing tort actions was applicable.

That a malpractice action may sound in tort or in contract is clear. "A client who has suffered damages as the result of his attorney's negligence or misconduct may seek recovery therefor in an action at law, and the remedy has been characterized as a suit for malpractice. An action against the attorney may be based on tort arising from the negligence of the attorney, or may be grounded on contract." 7A C.J.S. *Attorney & Client,* § 267. See *also,* 7 A,. Jur. *Attorney at Law,* § 197 and § 217; *Winslow, Inc. v. Scaife,* 254 S.E. 2d 58 (Va. 1979); *Mitchell v. Transamerica Ins. Co.,* 551 S.W. 2d 586 (Ky. 1977); *Jackson v. Zito,* 314 So. 2d 401 (La. 1975); *Hendrickson v. Sears,* 365 Mass. 83, 310 N.E. 2d 131 (1974); and *Floro v. Lawton,* 10 Cal. Rptr. 98, 187 Cal. App. 2d 657 (1961). See *Kuhn v. Brownfield,* 34 W.Va. 252, 12 S.E. 519 and *Boarman v. Brown,* 9 Adol. & Ellis, 487 (Q.B. 1842).

While the complaint in the instant case speaks of the "negligence of the defendant," the second count thereof alleges that the inaction of the defendant "constitutes also a breach of the contract of professional employment entered into between the plaintiff and the defendant". This Court said in Syllabus No. 1 of *Cochran v. Appalachian Power Co.,* 162 W.Va. 86, 246 S.E. 2d 624 (1978),

"A complaint that could be construed as being either in tort or on contract will be presumed to be on contract whenever the action would be barred by the statute of limitations if construed as being in tort."

Having concluded that such malpractice action can be brought either on contract or in tort, let us consider the applicable statutes of limitations. *W.Va. Code*, 1931, 55-2-6, relating to contracts, provides for a limitation of five or ten years, depending on the nature of the contract. The limitation of time within which a tort action for personal injuries can be brought under *W.Va. Code*, 1931, 55-2-12, as amendend is two years.

At the time the instant action was instituted, the plaintiff's action against Kingery was barred under *W.Va. Code*, 1931, 55-2-12, as amended; however, a contract action was not barred at the time, the applicable statute being *W.Va. Code*, 1931, 55-2-6. The plaintiff's action on a breach of contract then survived against Kingery. The plaintiff was deprived of nothing and the court was correct is dismissing the instant action against the defendant.

We are aware of the case of *Nellas v. Loucas*, 156 W.Va. 77, 191 S.E. 2d 160 (1972) wherein this Court applied a one-year limitation statute in a malpractice suit. For reasons set forth in that case, the Ohio malpractice statute was applied and in Ohio a malpractice action is governed by a one-year statute of limitation. Ohio Rev. Code § 2305.11 (1954).

For the foregoing reasons, the action of the Circuit Court of Mason County, in dismissing the malpractice action against defendant, Carroll W. Casto, is affirmed.

*Affirmed.*