400 S.E.2d 901

**Bruce E. HALL and Talheim Village, Inc.**

v.

**Pat A. NICHOLS.**

**No. 19363.**

Supreme Court of Appeals of West Virginia.

Dec. 20, 1990.

Rudolph L. DiTrapano, Joshua I. Barrett, Lonnie C. Simmons, DiTrapano & Jackson, Charleston, for Bruce E. Hall and Talheim Village, Inc.

C. Lynn Oliver, Jackson & Kelly, Charleston, for Pat Nichols.

WORKMAN, Justice:

Appellants Bruce E. Hall and Talheim Village, Inc. ("Talheim") appeal from an adverse decision of the Circuit Court of Tucker County granting summary judgment to appellee Pat Nichols on the grounds that appellants' legal malpractice action was barred by the statute of limitations. Concluding that the circuit court correctly determined that a tort rather than a contract limitations period applied, we affirm the granting of summary judgment to appellee.

Talheim is a condominium complex located on 58.46 acres of property in Canaan Valley that is owned and managed by appellant Hall. In the summer and fall of 1984, Mr. Nichols was retained by appellant Hall to provide legal counsel concerning the development of the condominium complex. Mr. Nichols provided counsel to appellants in connection with several loan transactions involving the National Bank of Davis and the Shenandoah Bank.

To finance the construction of Building B, Talheimer obtained a loan from the National Bank of Davis. The security for this loan was supposed to be a lien on all of the condominium complex property as well as on additional property owned by appellant Hall, who was a guarantor of the note. Mr. Nichols prepared the certificate of title and deed of trust for Building B and represented Talheim at the closing of this loan. In January 1985, appellants discovered that Mr. Nichols' title search had failed to reveal a prior lien on the property that was held by the Shenandoah Bank. This prior lien allegedly created a controversy regarding the entitlement to the proceeds of sales from condominium units and caused certain delays in the sale of four condominium units.

In late January 1986, the National Bank of Davis prepared a complaint seeking an injunction against Talheim to prevent it from renting any of its condominium units.

Mr. Nichols signed the complaint as counsel for the National Bank of Davis in the action seeking injunctive relief. Appellants dismissed Mr. Nichols as their counsel on February 4, 1986, after they were served with a copy of the complaint for injunctive relief. Mr. Nichols continued to represent the National Bank of Davis against Talheim until September or October, 1986. As a result of the suit instituted by the National Bank of Davis, Talheim initially filed for bankruptcy. Although Talheim later withdrew from bankruptcy, it ultimately suffered foreclosure which was instituted by the National Bank of Davis.

On April 15, 1988, appellant Hall filed a *pro se* complaint against Mr. Nichols alleging legal malpractice based on Mr. Nichols' representation of the National Bank of Davis in an action which was directed against Hall—another one of Mr. Nichols' clients. An amended complaint was filed on behalf of both of the appellants in July 1988. The amended complaint alleged that Mr. Nichols negligently failed to have a survey performed in connection with the title search for Building B and that Mr. Nichols improperly represented the National Bank of Davis in the injunctive suit against the appellants. Appellants contend that additional language included in the amended complaint set forth a contractual claim in addition to the previously stated tort cause of action. The circuit court determined that appellants' complaint sounded only in tort and was therefore barred by the applicable statute of limitations.

The sole issue on appeal in this case is whether the trial court erred in granting summary judgment against appellants on the theory that the legal malpractice action sounded only in tort and not in contract. This Court has previously recognized that legal malpractice actions may sound either in tort or in contract. *See Harrison v. Casto,* 165 W.Va. 787, 789, 271 S.E.2d 774, 775 (1980). In *Casto,* the alleged malpractice was the attorney's failure to file a malpractice claim against another attorney before the applicable statute of limitations expired. Since the second count in the *Casto* complaint alleged "that

the inaction of the defendant 'constitutes also a breach of the contract of professional employment entered into between the plaintiff and the defendant,'" and because the action would have been barred by the statute of limitations had it been construed as grounded solely in tort, we ruled that:

[u]nless a complaint in a malpractice action against an attorney sounds only in tort, such action may be brought on contract or in tort and the fact that the statute of limitations bars the tort action does not preclude an action on contract which is not barred by the applicable limitation statute.

*Id.,* 165 W.Va. at 789, 271 S.E.2d at 776 and Syllabus.

Appellants cite the fact that paragraph thirteen of the amended complaint includes a reference to a contractual breach as support for their theory that the contract rather than the tort statute of limitations controls this case. *See* W.Va.Code §§ 55-2-6 (1981) and 55-2-12 (1981). Paragraph thirteen of the complaint reads as follows: "The foregoing conduct of the defendant, Patrick A. Nichols, was willful, wanton, and gross negligence, in reckless disregard of the rights of the plaintiffs and in violation of his contractual, fiduciary and ethical obligations to the plaintiffs as his clients...." Appellants argue that the use of the word "contractual" in paragraph thirteen combined with our decision in *Family Sav. and Loan, Inc. v. Ciccarello,* 157 W.Va. 983, 207 S.E.2d 157 (1974) required the trial court to apply a contract statute of limitations. The *Ciccarello* case does indicate that a malpractice action "could have been brought in contract, alleging that the defendant breached the obligations of his employment...." *Id.,* 157 W.Va. at 988, 207 S.E.2d at 160. That case also states, however, that

an examination of the complaint leads us to believe that the plaintiff sought recovery in tort. A contract may have been implied in the complaint when the plaintiff alleged that he engaged the services of the defendant, *however, there was no express charge of breach of contract or any further reference to the contract in the complaint. Rather, the plaintiff*

*used words and charges in his complaint that sounded exclusively in tort.* He charged that the defendant 'negligently, carelessly, and unskillfully conducted his title examination * * * and did not use proper diligence.' These words connote charges of tort liability. The very basis for the action was the charge of negligence against the defendant.

*Id.* (emphasis supplied).

■ Instructive on the issue at hand is the apposite case of *Pancake House, Inc. v. Redmond*, 239 Kan. 83, 716 P.2d 575 (1986). In that case, *Pancake House*, a corporation, filed a malpractice action against its attorneys for representing a group of stockholders in a suit against the corporation. The complaint alleged claims predicated on malicious prosecution, negligence, intentional tort, breach of fiduciary duty, and breach of an express or implied contract between the corporation and the corporate attorneys. In deciding whether to apply a contract or tort statute of limitations, the Supreme Court of Kansas reasoned that it is the nature of the breach of duty alleged in the complaint which controls this determination:

> Where the act complained of is a breach of specific terms of the contract without any reference to the legal duties imposed by law upon the relationship created thereby, the action is contractual. Where the essential claim of the action is a breach of a duty imposed by law upon the relationship of attorney/client and not of the contract itself, the action is in tort.
>
> ....
>
> ... In the present case, the plaintiff contends that the defendants' malpractice involved negligence, a conflict of interest, and a breach of implied contract and of fiduciary duty. *These all had to do with the defendants' filing a lawsuit against the plaintiff. The defendants' action was not a part of any express or implied contract. Therefore the action must sound in tort.* The district court was correct when it dismissed [the corporation's] fourth claim that the attorneys

had a duty to [the corporation] based on implied contract.

*Id.* at 86, 716 P.2d at 578 (citation omitted and emphasis added).

The reasoning employed in *Redmond* provides a logical basis for deciding whether the allegations of a malpractice action sound in contract or are merely posed in language to make them appear contractual in nature when in fact they arise in tort. Only when the breach pertains specifically to the "terms of the contract without any reference to the legal duties imposed by law upon the [attorney/client] relationship ..." is the cause of action contractual in nature. *Id.* To illustrate, if an attorney fails to perform an act which is covered by the contract of employment such as when he is employed to initiate suit and does not file suit within the statutory period, the breach at issue is one grounded in contract. Yet, when the breach of duty at issue is failure to properly perform a title search, the "essential claim of the action is a breach of a duty imposed by law upon the relationship of attorney/client and ... [therefore], the action is in tort." *Id.*

■ Notwithstanding the inclusion of the term "contractual" in the amended complaint, the essence of the appellants' cause of action is various breaches of duties implied by *law* and not by contract. When deposed, appellant Hall admitted that he had not entered into a written contract for legal services with Mr. Nichols. He also testified that the legal work Mr. Nichols performed was handled on a job-by-job basis. Because the complaint contains no allegations regarding a breach of the obligations of Mr. Nichols' employment as counsel for appellants and because the claims at issue are grounded in tort since they arise as breaches of Mr. Nichols' duty to perform legal services in a non-negligent fashion—duties which are implied by law— we conclude that the circuit court correctly ruled that the tort statute of limitations controls this case.

■ The circuit court did not commit error by applying a two-year rather than a one-year statute of limitations as alleged by the appellants in this case. In *Harri-*

*son,* our most recent opinion involving application of a statute of limitations in an attorney malpractice case, this Court made it clear that the two-year limitations period set forth in W.Va.Code § 55-2-12 controls malpractice actions grounded in tort. The *Harrison* decision failed to discuss or explain this Court's earlier ruling in *Ciccarello* where we held that application of W.Va. Code § 55-2-12 to a legal malpractice case resulted in a one-year rather than a two-year limitations period. *See* 157 W.Va. at 988, 207 S.E.2d at 160.[1] It is our opinion that the reasoning, although unarticulated, behind the Harrison Court's application of the two-year rather than the one-year tort limitations period was a determination that the nature of the underlying tort—personal damages or property damages—should be the controlling factor when resolving this issue of statutory application. Since the underlying tort action in this case involves property damage given the obvious diminution of the value of the condominium complex which resulted from appellants' inability to sell certain units once the lien dispute arose, the malpractice action is controlled by the two-year statute of limitations set forth in W.Va.Code § 55-2-12. Accordingly, appellants had to bring their malpractice action against Mr. Nichols within two years after they "learn[ed], or by the exercise of reasonable diligence should have learned, of the ... [malpractice]." Syl. Pt. 2, in part, *Ciccarello,* 157 W.Va. at 984, 207 S.E.2d at 158. To the extent that this opinion is inconsistent with this Court's decision in *Ciccarello* on this issue, we hereby overrule that decision solely on the issue of the applicable limitations period.

Appellants' cause of action is comprised of two counts. The first count concerns the allegation that Mr. Nichols failed to have a survey performed or undertake to ascertain the boundaries of the property in connection with the title search of the property upon which Building B was constructed. It is undisputed that appellants were made aware of this fact in January 1985, yet the complaint was not filed against Mr. Nichols until April 15, 1988. The two-year statute of limitations set forth in W.Va. Code § 55-2-12 had clearly expired by this time. *See Harrison,* 165 W.Va. at 790, 271 S.E.2d at 776.

 The second cause of action concerns Mr. Nichols' negligence in representing the National Bank of Davis in the injunctive proceedings against the appellants. Since appellants admit that they were served with a copy of the complaint on February 4, 1986, which bore Mr. Nichols' signature as counsel for the National Bank of Davis, they were required to initiate their legal malpractice action against Mr. Nichols on or before February 4, 1988. *See id.* Again, the initial *pro se* complaint was not filed until April 15, 1988—more than two years after the limitations period had expired. Therefore, the circuit court correctly concluded that the appellants' cause of action was barred by the tort statute of limitations. *See* W.Va.Code § 55-2-12.

Based upon the foregoing, the decision of the Circuit Court of Tucker County is hereby affirmed.

Affirmed.

---

1. West Virginia Code § 55-2-12 provides either a two-year or one-year statute of limitations for torts based on the nature of the damages:

> Every personal action for which no limitation is otherwise prescribed shall be brought: (a) Within two years next after the right to bring the same shall have accrued, if it be for damage to property; (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries; and (c) within one year next after the right to bring the same shall have accrued if it be for any other matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.