640 S.E.2d 199

**Samantha SELLS, Plaintiff Below, Appellant,**

v.

**Arnold Ray THOMAS, Kenneth R. Chittum, and State Farm Mutual Automobile Insurance Company, Defendants Below, Appellees.**

No. 32969.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 6, 2006.

Decided Nov. 9, 2006.

Frank Venezia, Esq., Shaffer & Shaffer, PLLC, Madison, for Appellant.

Gregory S. Matney, Esq., Tazewell, VA, for Appellee.

PER CURIAM.

In the instant case, the appellant, Samantha Sells, appeals the Circuit Court of Mercer County's May 11, 2005, order granting summary judgment in favor of the appellee, Kenneth Chittum. Ms. Sells filed a legal malpractice action against Mr. Chittum following his representation of her in a personal injury case. The circuit court found that Ms. Sells was unable to prove that she suffered a loss as a result of Mr. Chittum's actions. Thus, the circuit court granted Mr. Chittum's motion for summary judgment.

In this appeal, Ms. Sells contends that because of Mr. Chittum's conduct, she was forced to settle her underinsured motorist claim in the underlying personal injury action which limited her recovery of damages. Therefore, she argues that the circuit court's summary judgment order was improper. After reviewing the facts of the case, the issues presented, and the relevant statutory and case law, this Court reverses the decision of the circuit court.

## I.

### FACTS

On April 21, 2000, the appellant, Samantha Sells, was a guest passenger on a motorcycle driven by Billy Ray Lewis Jr., traveling on Route 102 in Mercer County, West Virginia. The motorcycle was involved in an accident with a Ford F-150 truck driven by Arnold Thomas, when Thomas cut across and in front of the motorcycle. As a result of the accident, Ms. Sells suffered multiple injuries and was left with a permanent limp. Soon thereafter, Ms. Sells retained the appellee, Kenneth E. Chittum, to represent her for her claims against Mr. Lewis and Mr. Thomas. Ms. Sells settled her claims with Mr. Thomas' insurance carrier, Nationwide Insurance Company, for $24,300 while the other claimants split the balance of Mr. Thomas' $50,000 liability policy limits.

On July 6, 2000, with Mr. Chittum present, a Nationwide insurance adjuster interviewed Ms. Sells wherein she told the adjustor she was also covered by her father's insurance. Mr. Chittum was also informed by a claims representative for State Farm Insurance Company that Ms. Sells was entitled to medical payments coverage under a policy issued to her parents. Mr. Chittum later received a check from State Farm for medical payments benefits under Ms. Sells' parents' policy. Ms. Sells, however, contends that Mr. Chittum failed to investigate or pursue an underinsured motorist claim on her behalf under her parents' State Farm policy which contained underinsured motorist coverage in the amount of $75,000.

On January 23, 2001, Mr. Chittum completed the settlement with Mr. Thomas' insurer, and on February 6, 2002, Ms. Sells terminated her representation by Mr. Chittum and retained her current counsel, Frank Venezia. On March 14, 2002, on behalf of Ms. Sells, Mr. Venezia filed an action against Mr. Chittum for professional negligence and against State Farm for underinsured motorist coverage. At that time, the statute of limitations on further claims had not run. While her parents' underinsured policy limit was $75,000, Ms. Sells settled her claim for $50,000. Ms. Sells maintains that she was forced to settle for a lesser amount than she was entitled due to the professional negligence of Mr. Chittum in failing to investigate and determine whether she was eligible for underinsured motorist benefits under her parents' policy prior to settling her claim against Mr. Thomas.

On May 11, 2005, the Circuit Court of Mercer County granted Mr. Chittum's motion for summary judgment. Ms. Sells subsequently appealed the circuit court's order.

## II.

### STANDARD OF REVIEW

Ms. Sells contends that the circuit court erred in granting summary judgment to Mr. Chittum. In Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court stated that "[a] circuit court's entry of summary judgment is re-

viewed *de novo.*" Pursuant to Rule 56 of the West Virginia Rules of Civil Procedure, summary judgment is required when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In Syllabus Point 3 of *Aetna Casualty & Surety Co. v. Federal Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), this Court held: "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law."

Moreover, "[s]ummary judgment is appropriate if, from the totality of the evidence presented, the record could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syllabus Point 2, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). In addition, "[i]f the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure." Syllabus Point 3,*Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). With these standards in mind, we proceed to consider Ms. Sells' arguments.

## III.

### DISCUSSION

The issue in this appeal is whether the circuit court's granting of Mr. Chittum's motion for summary judgment was appropriate. Ms. Sells argues that summary judgment was not proper. She believes that Mr. Chittum's settlement on her behalf with the tort-

feasor necessarily prejudiced her pursuit of underinsured motorist coverage and resulted in a denial of her ability to receive a fair adjudication in her underlying case. She contends that genuine issues of material fact exist which must be resolved by a jury.

Ms. Sells explains that she was forced to settle her underinsured coverage claim with State Farm Insurance for less money than she was entitled to receive due to Mr. Chittum's negligence. Mr. Venezia, who replaced Mr. Chittum as Ms. Sells' counsel, filed the subsequent lawsuit in this case against Mr. Chittum. In that lawsuit, Mr. Venezia included a declaratory action against State Farm asking the circuit court to determine that State Farm was required to provide Ms. Sells with underinsured motorist coverage. State Farm then filed a motion for summary judgment in which it argued that Ms. Sells was not entitled to coverage due to Mr. Chittum's breach of contract in settling Ms. Sells' earlier claim with Nationwide in violation of State Farm's policy exhaustion clause.

State Farm maintained in its motion for summary judgment that Mr. Chittum's settlement and subsequent release of the tortfeasor prejudiced its subrogation rights. State Farm also argued that Virginia law should have applied to Ms. Sells' underinsured motorist claim because the State Farm policy was executed in Virginia, to be performed in Virginia, and the principal risk was garaged in Virginia. State Farm declared that under Virginia's laws, the settlement of the underlying claim against the tortfeasor by Mr. Chittum without notifying State Farm of the settlement was not only a violation of the policy exhaustion clause, but it prejudiced State Farm's subrogation rights and destroyed its duty of coverage whether there was any prejudice to the insurer or not.

During the hearing on State Farm's motion for summary judgment, the circuit judge stated that if he determined that Virginia law was to be applied to Ms. Sells' case then State Farm's motion would be granted denying any coverage to Ms. Sells. Soon after that hearing, Ms. Sells settled her claim with State Farm for $50,000, which was $25,000 less than the policy limit. Ms. Sells argues that she was forced to settle because she ran the risk of receiving an adverse ruling from the circuit court on State Farm's summary judgment motion which would have resulted in no coverage for her injuries. She further points out that this would not have been an issue had it not been for Mr. Chittum's negligent handling of her case due to his failure to investigate and determine whether she was eligible for underinsured motorist benefits prior to completing his settlement with Nationwide.

Conversely, Mr. Chittum responds that the circuit court correctly granted his motion for summary judgment and properly determined that Ms. Sells was required to prove her loss beyond simple speculative assertions. He states that the circuit court explained that Ms. Sells settled her claim for $50,000 under a policy with a limit of $75,000 and that it was beyond the court to speculate whether a jury would have awarded her the full policy limits. Mr. Chittum further maintains that Ms. Sells was not forced to settle her claim against State Farm. He explains that on February 6, 2002, Ms. Sells signed a release of Mr. Chittum as counsel in her case, and in that release, in bold print, he plainly urged her to seek legal counsel prior to the running of the statute of limitations for any other claims that she may have had surrounding the accident.[1] Mr. Chittum points out that Ms. Sells could have easily refused to sign the release provided to her. Likewise, Mr. Chittum contends that Ms. Sells' argument is

---

1. The release signed by Ms. Sells provided the following:

   I, Samantha Sells do hereby terminate the representation of Kenneth E. Chittum, Attorney at Law from representing me in my accident case that occurred on April 1st, 2000. Further, I have been advised that there may be a claim against other Insurance carriers for underinsured/uninsured claims/ these claims *MUST BE FILED BEFORE APRIL 1ST 2002.*

   Or these potential claims may never be filed. You will lose your right to file them. I have been *STRONGLY ADVISED TO SEEK ANOTHER ATTORNEY IMMEDIATELY!*

   By the termination of this Attorney client relationship I realize that Kenneth E. Chittum shall have no further responsibility in this case. I also acknowledge the receipt of my entire file on this *6* day of *Feb*. 2002.

without merit because she terminated his employment and hired Mr. Venezia before her claim was barred by the statute of limitations. Accordingly, Mr. Chittum states that there is no evidence that he committed professional negligence.

■ After fully reviewing the evidence, we believe that the circuit court erred in granting summary judgment to Mr. Chittum. In Syllabus Point 1 of *Calvert v. Scharf*, 217 W.Va. 684, 619 S.E.2d 197 (2005), we explained that: "Generally, in a suit against an attorney for negligence, the plaintiff must prove three things in order to recover: (1) the attorney's employment; (2) his/her neglect of a reasonable duty; and (3) that such negligence resulted in and was the proximate cause of loss to the plaintiff." *See also Keister v. Talbott*, 182 W.Va. 745, 748–749, 391 S.E.2d 895, 898–899 (1990) (citations omitted); *Sheetz, Inc. v. Bowles Rice McDavid Graff & Love, PLLC*, 209 W.Va. 318, 333 n. 13, 547 S.E.2d 256, 271 n. 13 (2001) (same); *Armor v. Lantz*, 207 W.Va. 672, 681, 535 S.E.2d 737, 746 (2000) (same); *McGuire v. Fitzsimmons*, 197 W.Va. 132, 136–137, 475 S.E.2d 132, 136–137 (1996) (same).

■ Moreover, we have held that "[i]n an attorney malpractice action, proof of the attorney's negligence alone is insufficient to warrant recovery; it must also appear that the client's damages are the direct and proximate result of such negligence." Syllabus Point 2, *Keister v. Talbott*, 182 W.Va. 745, 391 S.E.2d 895 (1990). Thus, in order to prevail in a malpractice action against a lawyer, the plaintiff must establish not only his or her damages, but must additionally establish that, but for the negligence of the lawyer, he or she would not have suffered those damages.

■ In Syllabus Point 3 of *Keister* we further explained that "[d]amages arising from the negligence of an attorney are not presumed, and a plaintiff in a malpractice action has the burden of proving both his loss and its causal connection to the attorney's negligence." 182 W.Va. 745, 391 S.E.2d 895. Without the requisite causal connection between an attorney's malpractice and a loss to the client, a malpractice case simply cannot

go forward. *See, e.g., Harrison v. Casto*, 165 W.Va. 787, 271 S.E.2d 774 (1980) (finding no error in lower court's dismissal of case alleging malpractice against an attorney who failed to file a complaint on behalf of client upon finding that, although the attorney did not file a complaint, the client had not been harmed by the failure since the statute of limitations on that action had not run at the time the malpractice action had been instituted).

■ In this case, the attorney's employment is not an issue. Ms. Sells directly hired Mr. Chittum to represent her. Secondly, Ms. Sells has presented evidence to prove that Mr. Chittum neglected a reasonable duty when he settled with Nationwide Insurance without investigating or pursuing an underinsured motorist claim on her behalf. In that regard, the evidence shows that Mr. Chittum was aware of the State Farm policy prior to settling Ms. Sells' claim with Nationwide against the tortfeasor. Moreover, it is undisputed that the settlement with Nationwide was in violation of State Farm's policy exhaustion clause. Thus, Mr. Chittum's release of the tortfeasor when he executed the settlement with Nationwide prejudiced State Farm's subrogation rights. Such action necessarily affected a later settlement with State Farm due to the fact that Ms. Sells was in violation of State Farm's policy the moment Mr. Chittum settled the claim with the tortfeasor.

Finally, Ms. Sells must prove that she suffered loss that was caused by Mr. Chittum's actions. In that regard, Ms. Sells contends that by settling her claim against Mr. Thomas, Mr. Chittum jeopardized her claim against State Farm. As a result, in order to secure some recovery, she settled her underinsured motorist claim for $50,000, $25,000 less than the policy limit. Thus, she reasons that she suffered a loss as a result of Mr. Chittum's conduct.

By contrast, Mr. Chittum argues that Ms. Sells' claims are speculative and that she cannot prove that she would have received a greater damage award had the underinsured claim been pursued prior to settlement with Mr. Thomas. Mr. Chittum says that given Ms. Sells' settlement with State Farm, there

is simply no way to prove any negligence on his part that caused Ms. Sells to suffer a loss.

We disagree. In *Better Homes, Inc. v. Rodgers,* 195 F.Supp. 93 (N.D.W.Va.1961), the District Court, applying West Virginia law, discussed the compelling reasons why damages of this type are not speculative. *Better Homes* was an action against the plaintiff's former attorneys who lost a property damage negligence case brought by a customer and failed to appeal within the applicable time period. The attorneys argued that the plaintiff's loss was too speculative. In rejecting this argument the court held:

> If it should be the law that the necessity of undertaking the functions of the Supreme Court of Appeals, in the limited sense hereinbefore outlined, renders the proof of damages too remote, speculative and uncertain to receive cognizance, it is apparent that no lawyer can ever be held financially responsible for admitted negligence in failing to perfect an appeal from a judgment adverse to his client. I do not believe that this is or should be the law.

Having reviewed the record in this case, we believe that genuine issues of material fact exist with regard to whether Mr. Chittum's failure to pursue the underinsured motorist claim prior to settlement with the tortfeasor caused Ms. Sells to suffer a loss constituting legal malpractice. It is undisputed that Ms. Sells was seriously injured in this accident. She demonstrated approximately $35,000 in medical expenses and was left with a permanent limp. It is clear that she suffered multiple injuries including back injuries, multiple contusions, a severely comminuted open knee laceration with disruption of the quadriceps, and an intra-articular fracture of the right ankle. We believe that given the opportunity, Ms. Sells may have been able to present compelling evidence to State Farm that her claim was worth $75,000 in underinsured motorist coverage. Thus, as a consequence of Mr. Chittum's handling of this case, Ms. Sells was denied the opportunity to present such evidence to

a jury for a fair adjudication of her case. As such, the order of the circuit court of Mercer County is reversed, and this case is remanded for further proceedings consistent with this opinion.[2]

## IV.

## CONCLUSION

Accordingly, for the reasons set forth above, the final order of the Circuit Court of Mercer County entered on May 11, 2005, is reversed.

Reversed.

---

2. In a separate issue, Ms. Sells states that summary judgment was not appropriate due to the fact that she did not have adequate time for discovery. While we have reviewed the facts of this case and believe that there was adequate time for discovery for both parties, the issue is moot given the fact that we are reversing the circuit court's grant of summary judgment to Mr. Chittum.