# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael J. Kanode Sr.,**
**Plaintiff Below, Petitioner**

**FILED**

April 19, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 12-0282** (Mercer County 11-C-396)

**R. Thomas Czarnik,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Michael J. Kanode Sr., *pro se*, appeals the order of the Circuit Court of Mercer County, entered January 30, 2012, dismissing his legal malpractice action against his criminal appellate attorney. Respondent R. Thomas Czarnik, by Ancil G. Ramey, his attorney, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was convicted of malicious assault, burglary, attempted murder in the first degree, violation of a protective order, wanton endangerment, and assault during the commission of a felony following an attack on his estranged wife. Petitioner's family retained respondent to represent him in his criminal appeal.

In his civil complaint,[1] petitioner complained that respondent should not have charged him for the trial transcripts when he was indigent and that respondent did not adequately consult with him on the appeal. Petitioner acknowledged, however, that there was one fifteen minute phone conservation. This Court refused petitioner's criminal appeal on April 8, 2009. Respondent informed petitioner that the appeal was refused by letter on April 22, 2009.

---

[1] Petitioner also filed an ethics complaint against respondent, which was closed for "insufficient evidence." The closure was subsequently affirmed by the full Investigative Panel of the West Virginia Lawyer Disciplinary Board.

1

Petitioner's family also retained respondent to file a petition for a writ of habeas corpus. Petitioner alleged in his complaint that between July 2009 and May 2010, he attempted to contact respondent numerous times for updates about the petition. However, on October 21, 2009, petitioner filed a *pro se* petition in this Court[2] which subsequently granted the petition, returnable to the circuit court, with directions to provide petitioner with court-appointed counsel.

Petitioner alleged that respondent failed to appear for the May 4, 2010 hearing at which the circuit court implemented this Court's direction to provide court-appointed counsel. Petitioner's habeas action is ongoing.[3]

In May 2010, petitioner instructed respondent to refund the retainer he was paid to represent petitioner in the habeas action. Petitioner acknowledged in the complaint that respondent refunded the retainer to his aunt and uncle. Petitioner asserted that respondent should have provided the refund to his brother.

Petitioner filed his complaint against respondent alleging legal malpractice on August 1, 2011.[4] On August 25, 2011, respondent filed a motion to dismiss. In its January 31, 2012 order dismissing petitioner's legal malpractice action, the circuit court concluded that any complaint regarding his criminal appeal would had to have been filed on or before April 22, 2011, citing, *Hall v. Nichols*, 184 W.Va. 466, 400 S.E.2d 901 (1990) (the two-year statute of limitations applies to legal malpractice actions sounding in tort).

The circuit court concluded that petitioner's habeas action was "the professional responsibility of [his] court-appointed counsel, not [respondent]." The circuit court determined that the sole complaint in regard to the habeas action was that "[respondent] refunded the retainer to [petitioner's] aunt and uncle, who paid the retainer, rather than his brother, but the Court concludes [respondent]'s failure to refund a retainer to someone other that [sic] the aunt and uncle states no cause of action[.]"

Finally, the circuit court concluded that petitioner's complaint failed to state a claim on which relief can be granted. The circuit court noted that before a criminal convict can maintain a legal malpractice action, he needs to have already obtained post-conviction relief, setting aside his convictions, and must prove his actual innocence. *See* Syl. Pt. 2, *Humphries v. Detch*, 227 W.Va. 627, 712 S.E.2d 795 (2011).

---

[2] The petition was filed pursuant to this Court's original jurisdiction.

[3] With court-appointed counsel, petitioner is appealing the circuit court's order granting him partial relief in Supreme Court No. 12-0451. The respondent warden is cross-appealing. The circuit court vacated petitioner's convictions for wanton endangerment, burglary, and assault during the commission of a felony; but affirmed his convictions on the counts of violation of a protective order, malicious assault, and attempted first degree murder.

[4] Petitioner sought $6,400 in compensatory damages and $50,000 in punitive damages.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo.*" Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995).

On appeal, petitioner argues that the circuit court's ruling that his claims of malpractice relating to his criminal appeal were time-barred was erroneous under the discovery rule and the continuous tort doctrine. Petitioner notes that a complaint should not be dismissed unless the plaintiff can prove no set of facts in support of his claim and that a complaint by a *pro se* plaintiff is held to less strict standards than one drafted by an attorney. Respondent notes that petitioner acknowledges that he discovered that his criminal appeal had been refused on April 22, 2009. This Court concludes that this reason alone is sufficient to find that petitioner's action is barred by the statute of limitations and the discovery rule is of no avail.

Respondent notes that in addition to the statute of limitations, there are a number of other reasons dismissal should be affirmed including the fact that petitioner has not yet obtained post-conviction relief[5] and cannot prove his actual innocence. Similarly, also standing alone, these shortcomings are sufficient to affirm the circuit court. After careful consideration, this Court concludes that the circuit court did not err in dismissing petitioner's legal malpractice action against his criminal appellate attorney.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Mercer County and affirm its January 30, 2012 order dismissing petitioner's action.

Affirmed.

**ISSUED:** April 19, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[5] See Footnote Three.