**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-1290**

_____

WILLIAM V. WHITING,

                Plaintiff - Appellant,

     v.

CHRISTOPHER S. BUTCH,

                Defendant - Appellee.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph R. Goodwin, District Judge. (2:14-cv-25223)

_____

Submitted: November 18, 2016     Decided: November 30, 2016

_____

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mark E. Hobbs, LAW OFFICE OF MARK HOBBS, Chapmanville, West Virginia; Herman J. Marino, Danielle K. Kegley, HERMAN J. MARINO, LTD., P.C., Chicago, Illinois, for Appellant. Melissa Foster Bird, Megan Basham Davis, NELSON MULLINS RILEY & SCARBOROUGH LLP, Huntington, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William V. Whiting appeals the district court's order granting summary judgment to his former attorney, Christopher S. Butch, on his legal malpractice claim. On appeal, Whiting contends that the district court erred in construing his claim as arising under tort, and thus concluding the claim failed because he failed to provide expert testimony to support his claim. We affirm the district court's order.

We "review[] de novo [a] district court's order granting summary judgment." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." Id. (internal quotation marks omitted). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." Id. at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the

2

mere existence of a scintilla of evidence." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013).

Under West Virginia law, "legal malpractice actions may sound either in tort or in contract." Hall v. Nichols, 400 S.E.2d 901, 903 (W. Va. 1990). However, regardless of how the claim is characterized, the same principles underlie a legal malpractice action. See Keister v. Talbott, 391 S.E.2d 895, 898 n.3 (W. Va. 1990). Thus, Whiting was required to establish that Butch neglected a reasonable duty and that Butch's negligence proximately caused his loss. Id. at 898-99. Whiting conceded that expert testimony was necessary for him to establish that Butch's representation failed to meet the appropriate standard of care and that he did not have such testimony to support his claim. See Sheetz, Inc. v. Bowles Rice McDavid Graff & Love, PLLC, 547 S.E.2d 256, 272 (W. Va. 2001); see also First Nat'l Bank of Bluefield v. Crawford, 386 S.E.2d 310, 314 n.9 (W. Va. 1989) ("It is the general rule that want of professional skill can be proved only by expert witnesses." (internal quotation marks omitted)).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED