IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 23, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**SHELIA HALLMAN-WARNER,**
**Plaintiff Below, Petitioner**

**v.) No. 24-ICA-132**     (Cir. Ct. Kanawha Cnty. Case No. 23-C-226)

**RYAN UMINA,**
**Defendant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Shelia Hallman-Warner appeals the Circuit Court of Kanawha County's February 26, 2024, Order Granting Defendant's Renewed Motion to Dismiss. In that order, the circuit court struck Petitioner's filings that attempted to amend her complaint, dismissed the complaint without prejudice for improper service, and dismissed the complaint with prejudice for failure to file the complaint within the applicable statute of limitations. Respondent Ryan Umina timely filed a response in support of the circuit court's order. Ms. Hallman-Warner filed a reply.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no abuse of discretion. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter is related to a previous matter before the Court. *See Hallman-Warner v. Bluefield State Coll. Bd. of Governors*, No. 22-ICA-38, 2023 WL 2367454, at *1 (W. Va. Ct. App. Mar. 6, 2023) (memorandum decision). There, this Court affirmed the circuit court's denial of Ms. Hallman-Warner's attempt to invalidate the settlement she reached with her previous employer, Bluefield State College. In this prior litigation, Ryan Umina, Esq. represented Ms. Hallman-Warner until her attempt to invalidate the settlement reached therein.

Ms. Hallman-Warner was a criminal justice professor at Bluefield State College. In the prior litigation, on August 20, 2018, Ms. Hallman-Warner, by counsel Mr. Umina, filed a complaint against Bluefield State alleging that Bluefield State intentionally provided false and misleading information to the county prosecutor in order to maliciously prosecute a

---

[1] Ms. Hallman-Warner is self-represented. Mr. Umina is represented by Arie M. Spitz, Esq., and Lauren E. Motes, Esq.

1

misdemeanor charge against Ms. Hallman-Warner for discharging a stun gun at Bluefield State. As mentioned previously, that matter was settled, but Ms. Hallman-Warner sought to invalidate the settlement. The circuit court then denied her attempt to invalidate, and this Court ultimately affirmed that decision.

Turning to the current matter, on March 15, 2023, Ms. Hallman-Warner filed suit against Mr. Umina for legal malpractice. Relevant to the issues on appeal, the complaint specifically states, "[f]urther, the cause of action which is the subject of this suit occurred and accrued in Mercer County, WV on or about December 16, 2016." The complaint sought $3,000,000.00 in damages.

On May 1, 2023, Ms. Hallman-Warner moved for default judgment against Mr. Umina, which was denied by the circuit court on June 27, 2023. Ms. Hallman-Warner appealed that order to this Court, which dismissed the appeal as interlocutory on August 2, 2023. *See Hallman-Warner v. Umina,* 23-ICA-341 (W. Va. Ct. App. Aug. 2, 2023) (dismissal order). It also appears that Ms. Hallman-Warner sought the circuit court judge's disqualification from hearing the matter, which was denied by the Supreme Court's Administrative Order dated August 4, 2023.

On May 26, 2023, Mr. Umina filed a motion to dismiss the complaint and on June 27, 2023, Mr. Umina filed his answer to the complaint. On August 29, 2023, the circuit court entered an order regarding Mr. Umina's motion to dismiss. In that order, the circuit court noted that Ms. Hallman-Warner directed the circuit clerk's office to send a copy of the summons and complaint to Mr. Umina's law firm by certified mail. However, the return receipt was signed by Mr. Umina's assistant, not Mr. Umina, and therefore service was insufficient. Nevertheless, the circuit court found that good cause existed for Ms. Hallman-Warner's failure to properly serve Mr. Umina and gave her sixty days to properly serve him.

Ms. Hallman-Warner then filed an affidavit of service dated September 14, 2023. The affidavit of service indicated that Mr. Umina was personally served with the case information sheet, the complaint, and a document called the "Addendum to the Complaint" on September 11, 2023, by a private process server.

On October 2, 2023, Mr. Umina filed his Renewed Motion to Dismiss. In that motion, Mr. Umina explained that Ms. Hallman-Warner mailed him the affidavit of service, which claims he was served with the case information sheet, the complaint, and a new document called an addendum to the complaint which lodged new allegations against him. Mr. Umina noted that a copy of the summons was not served upon him. Mr. Umina also asserted that the complaint against him must be dismissed because it was filed outside of the two-year statute of limitations for legal malpractice claims. He attached affidavits that stated that Mr. Umina was not present at his law office when the documents were delivered by the process server. Mr. Umina argued that even if those affidavits were not

considered, service was still not proper because it is undisputed he was not personally served with the summons.

The circuit court set a hearing for the motion to dismiss for January 16, 2023. Ms. Hallman-Warner appeared in person, pro se. Mr. Umina appeared by counsel. After hearing Mr. Umina's arguments in favor of dismissal, the circuit court allowed Ms. Hallman-Warner to respond. Ms. Hallman-Warner had a difficult time staying focused on the motion to dismiss and often attempted to relitigate issues from the prior litigation against Bluefield State College. When asked specifically by the circuit court to address the issues with service of process, Ms. Hallman-Warner responded that if Mr. Umina had a problem with the process server, then that issue should have stayed between Mr. Umina and the process server. When asked specifically by the circuit court to address the statute of limitations argument, Ms. Hallman-Warner asserted that the representation ended on March 6, 2021. The circuit court spent the majority of the remainder of the hearing making sure Ms. Hallman-Warner understood what was being argued and giving her a chance to respond, which often returned to factual contentions related to the underlying litigation.

At the conclusion of the hearing, the circuit court noted that the complaint was filed on March 15, 2023. Ms. Hallman-Warner subsequently filed addendums to the complaint on September 25, 2023, December 21, 2023, and January 8, 2024, all without leave of the court and therefore such addendums would be struck. The circuit court concluded that service was improper as no summons was served on Mr. Umina and the court would not grant an extension because it had previously granted an extension for service. The circuit court further concluded that Mr. Umina's representation of Ms. Hallman-Warner ended on February 21, 2021, when the circuit court dismissed the prior litigation, and therefore the applicable date for the purpose of when the statute of limitations began to run was February 21, 2021. Alternatively, using the date the representation ended put forth by Ms. Hallman-Warner, March 6, 2021, she still failed to file her complaint within the applicable two-year statute of limitations and therefore the motion to dismiss should be granted on that basis as well. On February 23, 2024, the circuit court entered the order on appeal that embodied its ruling from the bench except that the written order used February 21, 2021, as the date the statute of limitations began to run and omitted the March 6, 2021, date alleged by Ms. Hallman-Warner.

"Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). "A court reviewing the sufficiency of a complaint should view the motion to dismiss with disfavor, should presume all of the plaintiff's factual allegations are true, and should construe those facts, and inferences arising from those facts, in the light most favorable to the plaintiff." *Mountaineer Fire & Rescue Equip., LLC v. City Nat'l Bank of West Virginia*, 244 W. Va. 508, 520, 854 S.E.2d 870, 882 (2020) (citing *Chapman v. Kane Transfer Co.*, 160 W. Va. 530, 538, 236 S.E.2d 207, 212 (1977)).

3

On appeal, Ms. Hallman-Warner first asserts that the circuit court erred by dismissing her complaint for failure to properly serve Mr. Umina. We disagree. Under Rule 4(k) of the West Virginia Rules of Civil Procedure, if a plaintiff fails to serve a summons upon a defendant within 120 days, then the circuit court should dismiss the action against that defendant without prejudice. *Burkes v. Fas-Chek Food Mart Inc*, 217 W. Va. 291, 297, 617 S.E.2d 838, 844 (2005). Here, it is undisputed that Ms. Hallman-Warner failed to serve Mr. Umina with the summons. The circuit court then gave Ms. Hallman-Warner an extension to perfect service, during which she again failed to serve Mr. Umina with the summons. Accordingly, as Mr. Umina was not properly served with the underlying complaint and summons as required by Rule 4(k) of the West Virginia Rules of Civil Procedure, we find that the circuit court did not err by dismissing Ms. Hallman-Warner's complaint for failure to serve.

Next, Ms. Hallman-Warner asserts that the circuit court erred by dismissing her complaint based on the statute of limitations. We disagree. "Where the essential claim of the action is a breach of duty imposed by law on the attorney/client relationship and not of the contract itself, the action lies in tort." Syl. Pt. 2, in part, *Hall v. Nichols*, 184 W. Va. 466, 400 S.E.2d 901 (1990). If the claim lies in tort, the statute of limitations is two years pursuant to W. Va. Code § 55-2-12 (1959). "A cause of action for legal malpractice accrues when the malpractice occurs, or when the client knows, or by reasonable diligence should know, of the malpractice." Syl. Pt. 5, *VanSickle v. Kohout*, 215 W. Va. 433, 599 S.E.2d 856 (2004). Here, Ms. Hallman-Warner alleged a breach of duty imposed by the attorney/client relationship and therefore her complaint sounded in tort. Applying either the date the circuit court dismissed the prior litigation (February 21, 2021), the date Ms. Hallman-Warner argued at the hearing (March 6, 2021), or the date listed in Ms. Hallman-Warner's complaint (December 16, 2016) as the date the cause of action accrued, Ms. Hallman-Warner's March 15, 2023, complaint was filed outside of the applicable two-year statute of limitations. Accordingly, we find that the circuit court did not err in dismissing Ms. Hallman-Warner's complaint based on the statute of limitations.

Ms. Hallman-Warner also asserts that the circuit court erred by failing to adhere to Rule 24.01 of the West Virginia Trial Court Rules. We disagree. Rule 24.01 governs proposed orders submitted to trial courts. However, here, the circuit court announced its ruling from the bench and the subsequent written order simply memorialized the circuit court's ruling. Ms. Hallman-Warner does not argue that she was prejudiced by the circuit court's alleged failure to adhere to Rule 24.01. Further, Ms. Hallman-Warner cites to no authority that demonstrates it is reversible error for the circuit court to fail to adhere to Rule 24.01 under the facts of this matter. Accordingly, we decline to reverse the circuit court's ruling on this basis.

Finally, Ms. Hallman-Warner argues that the circuit court erred "in failing to swear in the witnesses, in compliance with rules of WVCP, designed to ensure an oath to the tell the truth. The judge did not sit at the bench but rather remained in a space just outside her

office door, far removed from the court reporter." The Court notes that the hearing below was on a motion to dismiss and therefore no witnesses testified. However, Ms. Hallman-Warner does not include this assignment of error in the argument section of her brief. Pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure:

> The brief must contain an argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and citing the authorities relied on, under headings that correspond with the assignments of error. The argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Intermediate Court and the Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Here, Ms. Hallman-Warner failed to adequately brief this assignment of error. Accordingly, we disregard this assignment of error, pursuant to Rule 10 of the Rules of Appellate Procedure, as not adequately supported by specific references to the record on appeal.

Accordingly, we affirm the circuit court's February 26, 2024, order.

Affirmed.

**ISSUED:** December 23, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Daniel W. Greear
Judge Charles O. Lorensen